946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen Lewis FARRAR, Petitioner-Appellant,
v.
The STATE OF OREGON, Respondent-Appellee.
 No. 90-35821.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 25, 1991.*
Decided Oct. 10, 1991.
 
 Before PREGERSON, WILLIAM A. NORRIS and RYMER, Circuit Judges.
 
 
 1
 ORDER**
 
 
 2
 Petitioner, a defendant convicted in Oregon state court of aggravated murder, seeks a writ of prohibition to enjoin his capital-murder resentencing proceeding currently pending in state court on the grounds that a Oregon statute will be applied ex post facto.[1] The district court dismissed defendant's claim based in part on Younger abstention. The district court correctly construed Younger as barring federal court intervention in a pending state criminal proceeding. Accordingly, we affirm.
 
 
 3
 In Younger v. Harris, 401 U.S. 37 (1971), the Court articulated the long-settled principle that federal courts may not "stay or enjoin pending state court proceedings except under special circumstances." Id. at 41. This court has reasoned that Younger abstention applies when the following three conditions exist: "(1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987).[2]
 
 
 4
 Younger clearly applies to petitioner's case. First, petitioner's resentencing hearing is currently pending in Oregon state court. Second, an "important state interest" is implicated in a resentencing proceeding in which the death penalty may be imposed. The Supreme Court has consistently deferred to the states' authority to impose criminal sentences. See, e.g., Gregg v. Georgia, 428 U.S. 153, 174 (1976) ("The deference we owe the decisions of the state legislature under our federal system is enhanced where the specification of punishments is concerned.").
 
 
 5
 Finally, there is nothing to prevent petitioner from making his federal constitutional argument in state court.
 
 
 6
 Having established that Younger properly applies, we will allow federal intervention only if this case falls within one of the narrow exceptions to Younger: where (1) there is a showing of "bad faith and harassment" in the prosecution of defendant, Younger, 401 U.S. at 50, or (2) the "danger of irreparable loss is both great and immediate." Id. at 46.
 
 
 7
 Petitioner has failed to establish adequate grounds for federal intervention under either of these exceptions to Younger. Petitioner has offered no evidence to suggest that the case was prosecuted in bad faith or for the purposes of harassment. Moreover, the danger of irreparable loss is not immediate. There are sufficient review and appellate procedures at the state and federal levels to protect petitioner. Namely, if the death penalty is imposed, the sentence will be reviewed by the Oregon Supreme Court. Or.Rev.Stat. § 163.150. Furthermore, in the event that petitioner does not prevail at the state level, petitioner may again raise his constitutional issues in federal habeas proceedings. Thus, petitioner will have ample opportunity to assert his federal constitutional argument.
 
 
 8
 Because the Younger abstention doctrine squarely applies in this instance, we deny petitioner's request for a federal injunctive relief at this time. So Ordered.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In State v. Farrar, 309 Or. 132, 786 P.2d 155 (1990), the Oregon Supreme Court affirmed petitioner's conviction. Having found a penalty-phase error, however, the court remanded the case to the trial court for resentencing. 786 P.2d at 176-78, 189
 
 
 [2]
 Federal statutory provisions also circumscribe federal court intervention in a state court proceeding. "A court of the United States may not grant an injunction to stay the state court resentencing proceedings and to rule on the merits of petitioner's constitutional claims before a final decision on his sentence has been rendered by the state court." 28 U.S.C. § 2283